ANDERSON, Justice.
Appellant Mitchell Edwin Morehouse submitted to a blood test after his arrest on suspicion of driving while impaired. The blood test result showed an alcohol concentration in excess of the legal limit. Respondent Commissioner of Public Safety revoked Morehouse's driver's license. Morehouse petitioned the district court to review the revocation, arguing that the implied consent advisory read to him was legally inaccurate. The district court sustained the revocation on the basis that Morehouse voluntarily consented to the blood test. The court of appeals reversed and remanded on different grounds. Morehouse v. Comm'r of Pub. Safety , No. A16-0277, 2016 WL 4497470, at *1 (Minn. App. Aug. 29, 2016). Morehouse petitioned our *504 court for review on the question of whether the implied consent advisory was inaccurate and therefore violated his due process rights. Because Morehouse has not established that he was prejudiced by the reading of the implied consent advisory, we affirm.
FACTS
Shortly after midnight on August 30, 2015, a Minnesota state trooper was patrolling in a marked squad car when he saw a car driving with its hazard lights flashing. The trooper turned on the squad car lights, pulled up behind the car, and began following the car, intending to check the welfare of its occupants. At first, the driver pulled over as the trooper approached, at some point turning off the hazard lights. The driver then turned on the left signal light and began driving away. As a result, the trooper turned on the squad car's siren, and the driver pulled over and came to a stop.
The trooper identified the driver as appellant Mitchell Edwin Morehouse. Morehouse was arrested for driving under the influence, and at the county jail the trooper read him the implied consent advisory. The trooper asked Morehouse to take a urine test, but Morehouse refused. Later, however, Morehouse submitted to a blood test. Because the test results showed an alcohol concentration above the legal limit, respondent Commissioner of Public Safety revoked Morehouse's driver's license.
Morehouse petitioned the district court to review the revocation of his driver's license, arguing that the implied consent advisory read to him was legally inaccurate. The district court sustained the revocation on the basis that Morehouse voluntarily consented to the blood test. The district court did not address Morehouse's argument, made under McDonnell v. Commissioner of Public Safety , 473 N.W.2d 848 (Minn. 1991), that the legal inaccuracy of the implied consent advisory violated his substantive due process rights.
The court of appeals reversed and remanded for an evaluation of the voluntariness of Morehouse's consent.[1] Morehouse , 2016 WL 4497470 at *3. The court of appeals concluded that Morehouse's claim under McDonnell failed because the implied consent advisory read to Morehouse was accurate at the time it was read. Id. at *1. It reasoned that Morehouse's due process rights were not violated because law enforcement "did not actively mislead" him. Id .
We granted Morehouse's petition for review.
ANALYSIS
The Commissioner of Public Safety revoked Morehouse's driver's license under the implied consent law. This law governs the administration of blood, urine, and breath tests to drivers suspected of being under the influence of alcohol, a controlled substance, or a hazardous substance. See Minn. Stat. §§ 169A.50 -.53 (2016). The Commissioner of Public Safety must revoke the driver's license of a person who submits to a test when the test results indicate an alcohol concentration greater than the legal limit or the presence of a controlled substance, and a peace officer certifies that there was probable cause to believe that the person was driving the motor vehicle while impaired by alcohol or a controlled or hazardous substance. See Minn. Stat. § 169A.52, subd. 4(a).[2]
*505 Relying on McDonnell , Morehouse argues that his driver's license revocation should be rescinded because he was read an inaccurate implied consent advisory.[3] Our analysis is informed by our decision in Johnson v. Commissioner of Public Safety , No. A16-0502, 911 N.W.2d 506, 508-09, 2018 WL 2032139 (Minn. May 2, 2018), filed contemporaneously with this opinion. In Johnson , we held that a driver who did not submit to a test after being read the implied consent advisory is not entitled to a rescission of a driver's license revocation under McDonnell . Id . We explained that McDonnell requires a driver's license revocation to be rescinded as a due process violation "when: (1) the person whose license was revoked submitted to a breath, blood, or urine test; (2) the person prejudicially relied on the implied consent advisory in deciding to undergo testing; and (3) the implied consent advisory did not accurately inform the person of the legal consequences of refusing to submit to the testing." See id. In Johnson , the driver had not submitted to testing nor prejudicially relied on the implied consent advisory and therefore was not entitled to relief under McDonnell . Id.
Here, unlike in Johnson , Morehouse submitted to the test. Morehouse, therefore, has satisfied the first element of a claim under McDonnell . But, as to the second element, the district court did not find, nor did Morehouse claim, that he prejudicially relied on the implied consent advisory in deciding to submit to the test. In McDonnell , we stressed that such prejudicial reliance violates due process because it deprives a driver of the meaningful "choice between submitting to and refusing a test." 473 N.W.2d at 854. A driver may find that license revocation is "less onerous than providing the state conclusive evidence of one's guilt." Id. Because Morehouse did not even claim, much less establish, that he prejudicially relied on the implied consent advisory, Morehouse is not entitled to a rescission of his license revocation under McDonnell .[4] ibr.US_Case_Law.Schema.Case_Body:v1">See id. at 855.
CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals.
Affirmed.

Because the voluntariness of Morehouse's consent is not before us, we do not reach the decision of the court of appeals to remand the case to the district court to consider whether Morehouse voluntarily consented to the test.

Under the implied consent law, "[i]f a person submits to a test, the results of that test must be reported to the commissioner." Minn. Stat. § 169A.52, subd. 2(a). "Upon certification by the peace officer that there existed probable cause to believe the person had been driving, operating, or in physical control of a motor vehicle in violation of section 169A.20 (driving while impaired) and that the person submitted to a test and the test results indicate an alcohol concentration of 0.08 or more ..., the commissioner shall revoke the person's license ... to drive." Id. , subd. 4(a).

For the first time in this litigation, Morehouse raises a procedural due process challenge to his license revocation in his brief to this court. Because parties may not raise "the same general issue litigated below but under a different theory," Thiele v. Stich , 425 N.W.2d 580, 582 (Minn. 1988), we do not address whether the circumstances here violated procedural due process.

We do not address whether the implied consent advisory was legally accurate when it was read or whether accuracy is significant here because Morehouse did not claim to prejudicially rely on the implied consent advisory when he submitted to the test.